**PUGH et al. v. LADNER, Collector of Internal Revenue.**

No. 17412.

District Court, E. D. Pennsylvania.

June 15, 1934.

MacCoy, Evans, Hutchinson & Lewis, of Philadelphia, Pa., for plaintiffs.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

This rule should be discharged.

### Discussion.

Counsel for the rule have frankly admitted that they have no complaints of trial errors except the failure of the trial judge to direct a verdict for the defendant. The question is the much-discussed one of when a transfer of property has been made "in contemplation of death." The sole question now is whether the case should have been submitted to the jury. The trial judge submitted it, under a charge of which the defendant does not otherwise complain.

We must start with the proposition that the question is one of fact, an ultimate fact inference it is true, but none the less an inference of fact. As such it must be found by the jury. The court could not direct a verdict unless there was no evidence upon which to base a verdict. In the absence of all evidence, a verdict could properly be directed for the defendant. The burden of supplying the evidence was upon the plaintiffs. If they failed in this they failed to support their action. What we are asked to do is in consequence to find that the verdict is without evidence to support it. Counsel for defendant has, we think, overlooked the distinction between the absence and the strength of evidence. Evidence may be present although it may be weak and unconvincing. Whether

there is evidence is for the court; to what fact finding it leads is for the jury. Here there was evidence. It follows that it was for the jury.

Counsel for defendant rely upon the case of Land Title & Trust Co. v. McCaughn (D. C.) 7 F. Supp. 742, in which the ruling was handed down April 10, 1934. That case was tried by the court sitting without a jury. The trial judge had in consequence a double function. He acted as a jury and also as a court. As a jury he found for the defendant. His finding took this very form. "A general verdict in favor of the defendant" is rendered. As a court he entered judgment upon this verdict. "Judgment may be entered upon the verdict."

We did not have the aid of the opinion in the cited case when the instant case was tried, perhaps for the reason that this case was first tried. It will be noted, however, that the law of the case as given in the opinion in the cited case and the charge in the instant case are in almost identical language. The real test is whether a transfer before death is meant to take the place of a testamentary or other distribution at death. In the cited case the turning point is supplied by the actuating motive. In discussing this the judge speaks as a juryman, giving his reasons for the fact finding reached not as a judge proclaiming the law. The arguments by which the fact finding made is supported which are set forth in the opinion are arguments which might have been presented and were in fact presented to the jury in this case. The jury in the cited case found them to be convincing; the jury under the evidence in the instant case found otherwise. The cited case means at the most, although it does not mean even that much, that if the trial judge in the cited case had been on the jury in the instant case he would not have joined in the verdict. We say it does not mean even this for the evidence was very different in the two cases. All the points submitted by the defendant were affirmed. Indeed, we charged more favorably to the defendant than asked to do.

In view of this we cannot find there was error in the law as laid down. We cannot find that the fact finding should have been taken from the jury. We do not even feel disposed to criticize the verdict. All that could be said is that there is room for a different conclusion than that reached by the jury.

The rule for a new trial is discharged, and the usual form of judgment may be entered on the verdict.